## No. 10,419.

## LAMBERT *v.* SCOTT.

Decided June 4, 1923.

Proceedings involving the title of land. Judgment for plaintiff.

*Affirmed.*

1. APPEAL AND ERROR—*Decision of Trial Court.* In a trial to the court where the only witnesses are the parties to the action, the court is at liberty to accept the testimony of either, and its findings and judgment, supported by evidence, will not be disturbed on review.

*Error to the District Court of Yuma County, Hon. George
H. Bradfield, Judge.*

Mr. JOHN F. MAIL, for plaintiff in error.

Mr. T. E. MUNSON, for defendant in error.

*En banc.*

MR. CHIEF JUSTICE TELLER delivered the opinion of the
court.

THE defendant in error had judgment in a suit against
the plaintiff in error involving the title to a quarter sec-
tion of land.

The complaint consists of two causes of action: The
first to quiet title, and the second to enforce an alleged
contract between Lambert and Scott, by which the former
agreed to sell to the latter a half interest in said land.

On a trial to the court the court found that the land in
controversy was in 1906 owned by the parties jointly, the
title of record standing in Lambert; that Lambert in that
year sold Scott his interest in the land; that the purchase
price was tendered to him by Scott, and that Lambert re-
fused to convey; that Scott took possession of the land
in 1906, and has been in possession since said time. It
was accordingly adjudged that Scott was the owner in fee
of the land. The defendant brings error.

The only witnesses were Scott and Lambert. Upon
several questions their testimony agrees, but upon other
points it is contradictory.

The plaintiff in error contends that the plaintiff failed
to sustain the burden of proof required to establish his
right.

The trial court was at liberty to accept Scott's state-
ments rather than Lambert's, and if he did so, the case
was proved for the plaintiff.

It is also contended that no consideration appears for
the contract in question. According to the testimony of
both parties, Scott made an offer for the land which was
accepted by Lambert; but Lambert says that Scott de-

manded a warranty deed which he had not agreed to give, and which he refused to give. According to Scott's testimony the contract was complete. Under the circumstances shown by the record, the trial court was authorized to enter the judgment here complained of. The judgment is accordingly affirmed.